**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JUNIOR ALBERTO MILLANO CHAVEZ, A# 244747983,**

**Petitioner,**

**v.** **Case No. 2:26cv57**

**JEFFREY CRAWFORD, *et al.*,**

**Respondents.**

## REPORT AND RECOMMENDATION

Pending before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons explained below, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court received and filed the instant Petition from Petitioner Junior Alberto Millano Chavez on January 15, 2026. ECF No. 1. In his Petition, Petitioner alleged that his prolonged detention for more than six months after he was ordered deported violates his due process rights because his deportation is not reasonably foreseeable. *Id.* at 6. He further alleged that he cooperated with ICE in securing travel documents, but ICE has not deported him. *Id.* Petitioner sought his immediate release from ICE custody. *Id.* at 8.

On January 22, 2026, the Court ordered Respondents to file an answer to the Petition. ECF No. 5. Respondents filed an opposition to the Petition on February 20, 2026. ECF No. 9. In the opposition, Respondents stated that although Petitioner argued that his due process rights were

violated because he was subject to a final removal order, at that time, Petitioner was not yet subject to a final removal order. *Id.* at 2 n.2. Respondents' opposition argued that because Petitioner was still in active removal proceedings, he was properly detained under 8 U.S.C. § 1225(b)(2) and was not entitled to discretionary bond under 8 U.S.C. § 1226. *Id.* at 2–27. Included with their opposition, Respondents provided a declaration from Justin Richardson, Supervisory Detention and Deportation Officer with United States Immigration and Customs Enforcement. *Id.*, attach 1. In the declaration, Mr. Richardson stated that:

> On January 13, 2026, ICE filed with the Immigration Court a Motion to Pretermit Petitioner's applications for relief as he is subject to the Asylum Cooperative Agreement with Ecuador. After giving Petitioner an opportunity to respond, the Immigration Court granted this motion on January 29, 2026, and ordered Petitioner removed to Ecuador. Petitioner reserved his right to appeal and has thirty calendar days to timely file an appeal with the Board of Immigration Appeals.

*Id.* at 3–4. At the time of Respondents' opposition, Petitioner still had time to appeal his removal order. *See id.* Accordingly, after Petitioner's deadline to file an appeal with the Board of Immigration Appeals ("BIA") had expired, on March 27, 2026, the Court issued an Order directing Respondents to file a supplement to their opposition stating whether Petitioner had filed an appeal with the BIA by the March 2, 2026, deadline, and to provide any other updates regarding Petitioner's immigration status. ECF No. 11. Respondents filed their supplemental response, stating that Petitioner did not appeal his final removal order, making his removal order administratively final. ECF No. 12 at 2. Further, Respondents argued that because Petitioner is subject to a final removal order, the authority for his detention shifted to 8 U.S.C. § 1231. *Id.* at 2. Finally, Respondents argued that pursuant to *Zadvydas v. Davis*[1], detention under § 1231 is presumptively authorized for six months to effectuate removal, and accordingly, the Petition should be denied. *Id.*

---

[1] 533 U.S. 678, 701 (2001).

The Court issued an order directing that if Petitioner wished to file a response to Respondents' supplemental response, he must do so by April 14, 2026. ECF No. 13. On April 13, 2026, Petitioner filed a document he titled a "Motion/Petition to Amend and Supplement my Filed Habeas Case," ECF No. 14.[2] Therein, Petitioner provides personal details about arriving in the United States and about his family, work history, and experience with the immigration system. *Id.* at 2. Later, on April 30, 2026, Petitioner provided a submission to the Court with a set of documents, including a support letter from his employer, a letter from the facilities where he has been detained stating that he has had no disciplinary infractions, and other immigration documentation. ECF No. 15. Petitioner did not address Respondents' argument that he is subject to an administratively final removal order.

## II. DISCUSSION

*1. Legal Framework*

Pursuant to 28 U.S.C. § 2241, federal courts are authorized to issue a writ of habeas corpus to one who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" *Luna Sanchez v. Bondi*, No. 1:25-cv-018888, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Habeas is "regularly invoked on behalf of noncitizens." *Id.* (quoting *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted). After considering the response to a habeas petition, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

[2] To the extent Petitioner sought to supplement his Petition, his Motion, ECF No. 14, is **GRANTED**, and the Court considered his filing in making this recommendation.

Prior to the entry of a final removal order, immigration detention is governed by 8 U.S.C. § 1225 or 8 U.S.C. § 1226. However, once an alien is subject to an administratively final removal order, the authority for detention shifts to § 1231, which governs removal procedures. *See* 8 U.S.C. § 1231(a)(1)(B); *Cf. Doe v. Perry*, No.121cv01364, 2022 WL 1837923, at *2 (E.D. Va. Jan. 31, 2022) (finding that an administratively final removal order provides an independent basis for petitioner's current detention under § 1231); *Didier Kofe Mbalivoto v. Holt*, 527 F. Supp. 3d 838, 848–49 (E.D. Va. 2020) (noting that if petitioner loses an appeal with the BIA and is ordered removed, § 1231(a)(6) applies). The "basic purpose" of detention pursuant to § 1231 is to "assure [the person's] presence at the moment of removal." *Castaneda v. Perry*, 95 F.4th 750, 758 (4th Cir. 2024).

Under § 1231, an alien "*shall*" be removed from the United States within a period of ninety days—referred to as the "removal period." § 1231(a)(1)(A) (emphasis added). The removal period begins at the latest of the following events: (1) the date the order of removal becomes administratively final, (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the noncitizen, the date of the court's final order, or (3) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

During the ninety-day removal period, detention is mandatory. § 1231(a)(2)(A). If the alien is not removed within ninety days, the "post-removal period" begins and the alien may be released on supervision or continue to be detained in certain circumstances. § 1231(a)(3), (a)(6); *Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021) (explaining the circumstances authorizing continued detention beyond the "post-removal period").

If an alien continues to be detained beyond the post-removal period, detention is only authorized for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. That period of time is presumptively reasonable for only six months. *Id.* at 701. After six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If it is established that there is "no significant likelihood of removal in the reasonably foreseeable future," the alien must be released. *Id.*

*2. Analysis*

In his Petition, received and filed by the Court on January 15, 2026, Petitioner alleged that he was subject to a final removal order, and his removal was not reasonably foreseeable. ECF No. 1 at 2, 6. But as identified in Respondents' opposition, at that time, Petitioner was not yet subject to a final order of removal. *See* ECF No. 9 at 2 n.2. Petitioner was issued a final order of removal to Ecuador on January 29, 2026, and had until March 2, 2026, to file an appeal with the Board of Immigration Appeals.[3] *See id.* In their supplemental response, filed on March 31, 2026, Respondents affirmed that Petitioner did not file an appeal with the BIA by the deadline, and accordingly, Petitioner is now subject to an administratively final removal order, and the procedures in § 1231 govern his detention. ECF No. 12. While Petitioner did file additional

[3] Recognizing that Petitioner likely intended to argue his detention should be governed by § 1226(a), Respondents analyzed whether before an administratively final removal order, Petitioner was subject to mandatory detention under § 1225(b)(2), or entitled to a bond hearing under § 1226(a).

submissions, those submissions addressed his experience in this country and with the immigration system, and did not address Respondents' argument that his detention is now governed by § 1231.[4]

In light of the above legal framework, the Court makes the following findings:

Petitioner is subject to an administratively final removal order because the Immigration Court issued Petitioner an order of removal from the United States to Ecuador on January 29, 2026, and the time for Petitioner to file a notice of appeal with the BIA has passed.[5] Now that Petitioner is subject to an administratively final removal order, his detention is governed by § 1231.

Because Petitioner's detention is now governed by § 1231, his Petition should be denied. Under § 1231, Petitioner's detention is mandatory for ninety days. § 1231(a)(1)(A). If Petitioner is still not released or removed after ninety days, he enters the post-removal period where his detention is only authorized for a "period reasonably necessary to bring about [his] removal from the United States" and if continued, is only presumptively reasonable for six months. *Zadvydas*, 533 U.S. at 689; *Mbalivoto*, 527 F. Supp. 3d at 849 (noting that "if [a petitioner] ultimately loses his appeal to the BIA and is ordered removed pursuant to 8 U.S.C. § 1231(a)(6), [p]etitioner then has a non-statutory right to seek release after six months"). "That standard provides the sole recourse available to a § 1231 detainee challenging his detention on due process grounds." *Castaneda v. Perry*, 95 F.4th at 760.

Accordingly, this Court cannot authorize the relief Petitioner seeks because his detention is presumptively reasonable for six months while the Respondents bring about his removal from

---

[4] The Court reviewed Petitioner's submissions and the details regarding his work in the United States and his support for his family and children. *See* ECF Nos. 14–15. However, this Court's review is limited to whether Petitioner is lawfully detained, not whether he should be permitted to remain in this country.

[5] Because Petitioner is now subject to an administratively final removal order, the Court does not find it necessary to address whether Petitioner's detention before March 2, 2026, was governed by § 1225(b)(2) or § 1226(a).

the United States. Accordingly, the Court **FINDS** that because Petitioner's detention is currently governed by § 1231, he is not currently entitled to a bond hearing before an Immigration Judge or release from ICE custody. That said, if Petitioner's detention exceeds six months beyond March 2, 2026 (the date his administrative appeal became final) he then has a non-statutory right to seek release and could file a habeas petition to effectuate that relief. *See Mbalivoto*, 527 F. Supp. 3d at 849.

## III. RECOMMENDATION

For the reasons explained above, the Court **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel of record for Respondents.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 18, 2026