**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JUNIOR ALBERTO MILLANO CHAVEZ,**

**Petitioner,**

**v.** **CIVIL No. 2:26cv57**

**JEFFREY CRAWFORD, et al.,**

**Respondents.**

**FINAL ORDER**

Before the Court is an amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 25. In his amended petition, Petitioner seeks his immediate release because Respondents did not lawfully revoke his parole. Id. at 10-17, 26.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation filed August 19, 2026, recommends that the Amended Petition be granted, and that Petitioner be immediately released from custody. ECF No. 29. Respondents timely filed an Objection to the Report and Recommendation, ECF No. 30. Petitioner filed a response to Respondents' objection. ECF No. 31.

Having reviewed the record and examined the Respondents' Objection to the Report and Recommendation and Petitioner's

Response to the Objection and having made de novo findings with the portions objected to, the court **ADOPTS** and **APPROVES** the findings and recommendations set forth in the Report and Recommendation, ECF No. 29.[1] It is therefore **ORDERED** that the Amended Petition, ECF No. 25, is **GRANTED**, and that Petitioner be released from custody subject to the conditions of his existing parole, except for any time limitation periods.[2] The original Report and Recommendation, ECF No. 16, is **DISMISSED as MOOT**.

It is further **ORDERED** that Respondents are **ENJOINED** from rearresting Petitioner solely based on the expiration of his parole; and are **ENJOINED** from rearresting Petitioner unless (1) he commits a violation of any federal, state, or local law; (2) he fails to comply with conditions of his parole unrelated to its expiration; or (3) his parole has been lawfully revoked in a manner consistent with 8 C.F.R. 212.5(e). Respondents **SHALL** file a status

---

[1] Judge Leonard isolated his analysis to Count Three of the Amended Petition, namely the unlawful revocation of parole, and declined to reach the merits of three (3) remaining counts, finding it unnecessary to do so because the Court granted relief on the aforementioned Count Three. See ECF No. 29 at 11. The court agrees with Judge Leonard here.

[2] The court notes that on September 22, 2026, it received notice from Petitioner that he would be filing an appeal from an Immigration Judge's ("IJ") denial of Petitioner's asylum claim. See ECF No. 32. The IJ's determination about Petitioner's asylum status does not change the court's adoption and approval of Judge Leonard's Report and Recommendation ("R&R"), because the R&R is isolated to Petitioner's parole, whereas the IJ's determination was about his asylee status. See ECF No. 29.

report with the Court within **THREE DAYS** of Petitioner's release to confirm that he has been released from custody. It is further **ORDERED** that judgment be entered in favor of Petitioner.

The Clerk is **DIRECTED** to forward a copy of this Final Order to all counsel of record.

It is so **ORDERED**.

/s/
Rebecca Beach Smith
-RBS- Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 25, 2026